IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lee Henry Berry,

                Petitioner,

    -vs-

Steven Merlak,

                Respondent.

Case No. 4:18 CV 1110

ORDER DISMISSING PETITION

JUDGE JACK ZOUHARY

## BACKGROUND

Petitioner *pro se* Lee Henry Berry is a federal prisoner incarcerated at the Federal Correctional Institution in Elkton, Ohio. In 2007, he was convicted by a federal jury, in the Eastern District of Michigan, of being a felon in possession of a firearm and of possession with intent to distribute controlled substances. The district court determined Berry was a career offender and an armed career criminal, and sentenced him to 360 months of imprisonment to run consecutively to the term of imprisonment imposed on him in Michigan state court for violating the terms of his probation related to previous state offenses. Although Berry requested the district court impose his federal sentence concurrent to his state sentence (on the basis of his age, the small quantities of cocaine involved in his prior convictions, and the indeterminate date of his parole from state prison), the district court ordered he serve his federal sentence consecutive to his undischarged state sentence.

The Sixth Circuit affirmed Berry's conviction and sentence on appeal. *United States v. Berry*, 565 F.3d 332 (6th Cir. 2009). The Sixth Circuit held the district court properly considered the applicable Sentencing Guidelines in making its decision to impose a consecutive, rather than concurrent, sentence. *Id*. at 340–43.

In 2010, Berry unsuccessfully sought to vacate his sentence under 28 U.S.C. § 2255, arguing the district court lacked jurisdiction to enter a criminal judgment against him. The district court and the Sixth Circuit denied him a certificate of appealability. The Sixth Circuit also denied his subsequent requests to file a second or successive motion to vacate his sentence under Section 2255. *See In re Lee Henry Berry*, No. 16-1294 (6th Cir. Aug. 18, 2016); *In re Lee Henry Berry*, No. 14-2514 (6th Cir. May 8, 2015).

Berry now seeks relief from his sentence in this Court under 28 U.S.C. § 2241 (Doc. 1). The basis for his Petition is that a 2014 Amendment to the Sentencing Guidelines applies retroactively to his federal sentence, and entitles him to a "[r]eadjustment" of his sentence to reflect time he served in connection with his state offenses (s*ee* Doc. 1 at 1, 4; *see also* Doc. 1-1; Doc. 1-3 at 25).

## DISCUSSION

District courts conduct an initial review of habeas corpus petitions (*see* 28 U.S.C. § 2243), and a court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 pursuant to Rule 1(b)). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty under Section 2243 to "screen out" petitions lacking merit on their face).

The Petition here must be dismissed because Berry is not entitled to relief under Section 2241. Section 2255 provides the correct avenue for a federal prisoner to challenge "the *imposition* of [a] sentence, whereas, [Section] 2241 is typically used to challenge the *execution* or *manner* in which the sentence is served." *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 513 (6th Cir. 2001) (emphasis added). Only in very limited circumstances, where Section 2255 is "inadequate or ineffective to test the legality" of a detention, may a federal prisoner bring a Section 2241 petition to challenge his

2

sentence. 28 U.S.C. § 2255(e). *See also Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (explaining that Section 2255 relief is not inadequate or ineffective simply because it has been denied or is procedurally barred, or because permission to file a second or successive motion has been denied). The Petition here does not reflect Section 2255 relief is unavailable or inadequate.

In *Rivera*, the Sixth Circuit affirmed the dismissal of a Section 2241 petition and held that when clarifying amendment to the Sentencing Guidelines results in a lower guideline range, a federal prisoner may "move the sentencing court" under 28 U.S.C. § 3582(c)(2) for a reduction in his sentence (and "not the district court where he is incarcerated") if the clarifying amendment is made retroactive by the Sentencing Commission by being listed in then-U.S.S.G. § 1B1.10(c), now-U.S.S.G. § 1B1.10(d). *Rivera*, 27 F. App'x at 515. If the clarifying amendment is not listed in U.S.S.G. § 1B1.10(d), "the sentencing court can [still] reduce the sentence by applying the amendment retroactively." *Id*. Either way, the proper avenue for relief in this circumstance is a post-conviction petition "with the sentencing court" under 28 U.S.C. § 2255 or 28 U.S.C. § 3582(c)(2), not a Section 2241 petition in the district where the prisoner is incarcerated.

## CONCLUSION

The Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. The Petition is dismissed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. This Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 31, 2018